IN THE MATTER OF THE ESTATE OF ERNEST MEYER, DECEASED.

CLARA M. WACHSTEIN, PLAINTIFF-APPELLANT, v. MAX POLLACK AND EVELYN POLLACK, DEFENDANTS-RE-SPONDENTS.

Argued May 22, 1961—Decided June 6, 1961.

*Mr. Cyrus J. Bloom* argued the cause for plaintiff-appellant (*Messrs. Meth, Bloom & Wood,* attorneys.)

*Mr. Hymen B. Mintz* argued the cause for defendants-respondents.

*Mr. Martin Kesselhaut* argued the cause for intervenor-appellant (*Messrs. Kesselhaut and Kesselhaut,* attorneys).

PER CURIAM. Plaintiff Clara M. Wachstein, life beneficiary under a trust established by the will of Ernest Meyer, deceased, instituted this proceeding seeking the removal of Max Pollack, one of the two cotrustees appointed to administer the trust. The complaint in the action did not ask for the removal of the other trustee, Abraham Bloom. In fact, it acquiesced in his continuance, asking that on removal of

Pollack the assets and all pertinent papers and records of the trust be turned over to him. Bloom was not made a party to the proceeding; no process was served upon him, and at no time was he given any formal notice that anyone sought his removal as trustee.

Other litigation involving the appointment of an administrator with the will annexed was pending when this action was commenced. The order of the County Court making such an appointment was reversed by the Appellate Division contemporaneously with the handing down of its opinion in the present matter. *In re Meyer*, 63 *N. J. Super.* 336 (*App. Div.* 1960). The history of the estate and its management may be found there. The appointment of the administrator *c.t.a.* was vacated because of lack of proper notice to the interested parties.

In the present proceeding the County Court granted plaintiff's application to oust Pollack as trustee. In addition, although Bloom was not a party, the trial court on its own motion, without giving Bloom an opportunity to be heard, removed him also. Plaintiff appealed; Pollack accepted the order. Bloom appeared by counsel at the argument in the Appellate Division and sought to join in plaintiff's appeal. Permission was denied because of his failure to file "a timely notice of appeal in his own right or otherwise [to participate] in the proceedings." The opinion declared that "in view of the nature of plaintiff's interest, she may not be heard to argue the violation of the trustee's property rights in the trusteeship constituted by his removal without notice and an opportunity to be heard."

The Appellate Division noted "that Abraham Bloom was not in default of any duty or obligation imposed upon him as trustee * * *." But for reasons expressed, the removal was sustained and the cause remanded for the appointment of a new fiduciary. 63 *N. J. Super.* 352 (*App. Div.* 1960).

Plaintiff appealed to this court as a matter of right. *R. R.* 1:2–1(*a*). We allowed Bloom to intervene and to participate in the proceedings before us.

It is perfectly plain that there was no justification in law for the ouster of Bloom without notice to him and an opportunity to be heard. Accordingly, the order of removal is reversed and Bloom is reinstated as trustee. The matter is remanded to the County Court where, if any action questioning the propriety of his continuance in that capacity is to be pressed, it may be brought in accordance with the demands of due process.

*For reversal*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANE-MAN—7.

*For affirmance*—None.